*1233 OPINION.
MillikeN :
Counsel for petitioner claims the right to a deduction of “ Eighteen Odd Thousand Dollars ” under the provisions of section 214 (a), (1), (4), (5), (6), or (7) of the Eevenue Act of 1918, but is uncertain as to just which of these provisions of the statute is applicable. We are unable, from the record, to determine the basis upon which the deduction claimed of “ Eighteen Odd Thousand Dollars ” is computed.
During the year 1919, the farm was operated by the brother of the petitioner under an oral agreement set forth in the findings of fact. We are unable to determine the sums advanced by petitioner to his brother for that purpose. We are also unable to determine if the debt due from the brother was to be canceled in event of crop failure. We are uninformed of the ability of the brother to pay the debt in the event of a crop failure. The brother of petitioner borrowed large sums of money which he used for the purpose of preparing the land for cultivation. If there was a debt due petitioner by reason of sums advanced, we are uninformed whether the sums expended by the brother would entitle him to a set-off. Petitioner seeks an allowance for the growing crops which were destroyed and submits as proof *1234 of the amounts to which he is entitled, pamphlets published by the Department of Agriculture as to the general costs of production of cotton and the general estimated annual weighted prices received by producers in general for the year 1919. The estimates standing alone do not prove the cost of production to petitioner in the State of Texas, or the price of cotton in the fields in Texas unpicked at the time of the flood.

J udgment will be entered for the respondent.

Considered by Marquette, Phillips, and VaN FossaN.